UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-  **MEMORANDUM AND ORDER**
Case No. 08-CR-664 (FB)

DEITRON DAVIS,

            Defendant.
----------------------------------------------------------x

*Appearances:*
*For the United States of America:*     *For the Defendant:*
BENTON J. CAMPBELL, ESQ.     PETER KIRCHHEIMER, ESQ.
United States Attorney     Federal Defenders of New York, Inc.
Eastern District of New York     One Pierrepont Plaza, 16th Floor
By: RAYMOND A. TIERNEY, ESQ.     Brooklyn, New York 11201
    Assistant United States Attorney
    610 Federal Plaza
    Central Islip, New York 11722

**BLOCK, Senior District Judge:**

        On June 3, 2008, Defendant, Deitron Davis ("Davis"), was arrested by DEA Special Agent Robert Michaelis ("Michaelis"). He was later charged with conspiracy to distribute marijuana, attempted possession of marijuana with intent to distribute, and resisting arrest.

        Davis argues that Michaelis lacked probable cause to arrest him and moves to suppress physical evidence and certain post-arrest statements as the fruits of the allegedly unlawful arrest. In addition, he moves to suppress other post-arrest statements as the product of custodial interrogation conducted after he had invoked his *Miranda* rights.

        A hearing on the motions to suppress is scheduled for February 12, 2009. Having reviewed the parties' papers, the Court concludes that no hearing is warranted because Davis has not submitted an affidavit of anyone with personal knowledge attesting to the circumstances of either his arrest or his post-arrest statements.

        With respect to his first claim, Davis relies solely on the lack of evidence available

to law enforcement to support his argument that Michaelis lacked probable cause to arrest him. Since Davis does not intend to dispute the facts that *were* available, no evidentiary hearing is required.

With respect to Davis's second claim, the government argues (1) that Davis knowingly and voluntary waived his *Miranda* rights, (2) that he never unequivocally requested counsel subsequent to that waiver, and (3) that the statements at issue were made spontaneously and not in response to police questioning. In the month since the these contentions were raised, Davis has not submitted any affidavit to contradict the government's version of events. He has, therefore, failed to make the required showing for an evidentiary hearing:

> A defendant seeking a *Miranda* suppression hearing must make more than a "bald assertion" that the statement in question was involuntary. If the defendant's request for a hearing is not accompanied by a sufficient specification of the factual basis for the characterization, the district court is not required to hold a suppression hearing.

*United States v. Cook*, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004) (citing *United States v. Mathurin*, 148 F.3d 68, 69-70 (2d Cir. 1998)). Moreover, since Davis has not challenged the government's contention that the statements at issue were spontaneous, his motion to suppress the statements must be denied. *See United States v. Szymaniak*, 934 F.2d 434, 438 ("[O]nce a suspect asserts his right under *Miranda* not to be questioned outside the presence of an attorney, 'statements made to the police must be spontaneous and not the result of interrogation.'" (quoting *United States v. Colon*, 835 F.2d 27, 30 (2d Cir. 1987))).

The hearing scheduled for February 12, 2009 is canceled. Davis's motion to suppress statements on *Miranda* grounds is denied. The Court will decide whether the facts leading up to Davis's arrest were sufficient to establish probable cause in a separate memorandum and order.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 11, 2009