**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 2 9 2010  ★

BROOKLYN OFFICE

ORIGINAL
D∈F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

    -against-

DEITRON DAVIS,

        Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 08-CR-664 (S-1)

*Appearances:*
*For the United States of America:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
By: THOMAS M. SULLIVAN, ESQ.
     ANDREA GOLDBARG, ESQ.
     Assistant United States Attorneys
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant:*
PETER KIRCHHEIMER, ESQ.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    On September 25, 2009, Deitron Davis was found guilty on Count One (conspiracy to distribute marijuana), Count Three (attempt to possess marijuana with intent to distribute), and Count Five (resisting arrest) of the Superseding Indictment. Davis moved for a judgment of acquittal on Counts One and Three; the Court reserved decision.

    Davis concedes that his suspicious activity (enlisting others to pick up the shipment, driving evasively to avoid detection and, ultimately, flight) supported a reasonable inference that he knew that he was engaged in *some* form of illegal activity. He argues, however, that there was insufficient evidence that he knew that the shipment contained a controlled substance.

If suspicious circumstances were the only evidence of Davis's guilt, this case would come within the ambit (perhaps indistinguishably so) of cases like *United States v. Orgando*, 547 F.3d 102(2d Cir. 2008), and *United States v. Lorenzo*, 534 F.3d 153(2d Cir. 2008). In *Ogando*, the Second Circuit held that the defendant's work for drug conspirators, even under suspicious circumstances, "[did] not show that [he] knew the nature of the conspirators' business." 547 F.3d at 108. In *Lorenzo*, the circuit court concluded that the evidence at trial lacked "a critical element -- any indication from which a jury could reasonably infer that [the defendant] knew of the nature and specific object of the conspiracy." 534 F.3d at 160. Both cases cited *United States v. Samaria*, 239 F.3d 228 (2d Cir. 2001), for the more general proposition that convictions for conspiring to commit, or aiding and abetting, a particular crime require "more than evidence of a general cognizance of criminal activity, suspicious circumstances, or mere association with others engaged in criminal activity." *Id.* at 233.

Here, however, the evidence, taken in the light most favorable to the government, also established, *inter alia*, that Davis traveled to Arizona (the source of the shipment) less than a month before the shipment arrived; that he possessed a bill of lading for the shipment (albeit under another name); and that he told Keisha Hymen that he was excited to go pick up "his rims." A jury could reasonably infer from those facts that Davis traveled to Arizona to arrange the shipment and, therefore, that he was the intended recipient of the shipment.

2

Davis's status as the intended recipient of the shipment distinguishes this came from *Ogando*, *Lorenzo* and *Samaria*. A jury might have reasonably inferred that Davis agreed to pick up the shipment for someone else, with some knowledge of illegal activity, but not specific knowledge that the shipment contained marijuana. Or it might have reasonably inferred that Davis innocently traveled to Arizona to purchase wheel rims, and that the shipper had substituted marijuana without Davis's knowledge.

It does not follow, however, that those were the *only* reasonable inferences. The jury could also reasonably infer that, as the arranger and intended recipient of the shipment, Davis was aware of the its contents. Davis's claim that he agreed to pick up the package without knowledge of its contents is inconsistent with his travel to Arizona and statement to Ms. Hymen that he was picking up "his rims." The possibility that the shipper had shipped marijuana without Davis's knowledge is inconsistent with the suspicious methods Davis used to pick up the shipment.

In sum, the defendants in *Orgando* and *Lorenzo* are comparable to the two women Davis enlisted to pick up the shipment, and the driver he enlisted to transport it; they are not similarly situated to Davis himself. Therefore, Davis's motion is denied.

**SO ORDERED.**

s/Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 27, 2010

3